IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CR. No. C-11-333 |
| v. | § | (C.A. No. C-13-191) |
| | § | |
| JOHN D. AHERN, | § | |
| | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant John D. Ahern's (Ahern) motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and his application to proceed *in forma pauperis*. D.E. 41, 42.[1] The Court has reviewed the § 2255 motion and concludes that summary dismissal pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (2013) (2255 Rules) is appropriate.

## I.  JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II.  BACKGROUND

Ahern was arrested in March 2011, after it was determined that he had traveled in interstate commerce and failed to register as a sex offender. D.E. 1. He was indicted later that month. D.E. 2. He was appointed counsel before he was arraigned in April 2011. D.E. 6.

A Superseding Indictment was issued in June 2011 that charged Ahern with: (1) failure to register as a sex offender (Count One), (2) knowingly using the social security number of another

---

[1]  Docket entry references (D.E.) are to the criminal case.

for the purpose of obtaining something of value (Count Two),  and (3) aggravated identity theft (Count Three). D.E. 14. He was arraigned on the Superseding Indictment. Minute Entry June 14, 2011.

Ahern pled guilty to Counts One and Three pursuant to a plea agreement on July 18, 2011. Minute Entry July 18, 2011. In exchange for his guilty plea to Counts One and Three of the Superceding Indictment and his waiver of his right to appeal or to file a motion pursuant to 28 U.S.C. § 2255, the Government agreed to recommend maximum credit for acceptance of responsibility, to recommend a sentence of imprisonment within the applicable guidelines, and to dismiss the remaining count of the indictment after sentencing. D.E. 21 at ¶¶ 1, 2, 7. After preparation of an initial Presentence Investigation Report (D.E. 28), the Court appointed different counsel. Minute Entry September 28, 2011, D.E. 31.

A revised  Presentence Investigation Report (PSI) was prepared. D.E. 34. The base offense level for violation of 18 U.S.C. § 2250(a) (failure to register) is 14. After credit  for acceptance of responsibility, Ahern's total offense level was 12.  Id. at ¶¶ 16-25. No guideline range is calculated for aggravated identity theft, but the Court is required to impose a consecutive two year sentence to a sentence for other law violations. Id. at ¶ 26. Ahern had previous criminal history that resulted in 8 points and application of criminal history category IV. Id. at ¶¶ 28-31. His Guideline sentencing range was 21-27 months for Count One, which was increased to 45 to 51 months with the two year consecutive sentence requirement of Count Three. Id.  at ¶ 50.

Sentencing was held on December 19, 2011. Ahern was sentenced to 21 months in the Bureau of Prisons on Count One, 24 months on Count Three to run consecutively to the sentence on Count One, five years supervised release on Count One, one year supervised release on Count Three to run concurrently to the supervised release on Count One, and a $100 special assessment

2

for each count. Minute Entry December 19, 2011. Judgment was entered on January 6, 2012. D.E. 39. Ahern did not appeal.

### III.  MOVANT'S ALLEGATIONS

Ahern challenges his sentence on the ground that he is actually innocent of aggravated identity theft because the indictment does not charge him with a crime. D.E. 41 at 6. He claims that no predicate crime was identified in the indictment as required. Id. He further claims that his guilty plea to that count was involuntary due to deficiencies in counsel's representation of him before the plea. Id. at p. 7.

### IV.  ANALYSIS

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

**B.      Statute of Limitations § 2255**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[2] 28 U.S.C. § 2255(f). The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam). Ahern did not appeal. His conviction became final on the last day to file a timely notice of appeal, 14 days after the judgment was entered on the docket. FED. R. APP. P. 4(b). His notice of appeal was due on January 20, 2012. Ahern did not file his § 2255 motion until June 16, 2013, 146 days past the one year deadline.

Ahern does not address the lateness of his motion, but he claims he only recently discovered that he was convicted of aggravated identity theft without the Government establishing the proper predicate. D.E. 41 at 3. He also claims he is actually innocent of the aggravated identity theft conviction.

Although § 2255(f)(4) permits extension of the statute of limitations from the date "on which the facts supporting the claims presented could have been discovered through the exercise of due diligence," Ahern does not disclose any new facts. He states only that he did not discover the

---

[2]  The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

4

predicate felony requirement of the statue under which he was convicted until an unspecified time after his conviction.

Count three of Ahern's indictment for count three reads,

On or about March 31, 2010, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,
JOHN DANIEL AHERN,
did knowingly transfer, possess, and use, without lawful authority, a means of identification of another, to-wit: Social Security number XXX-XX-1821, *during and in relation to a felony violation of Title 42, United States Code, Section 408.*
In violation of Title 18, United States Code, Section 1028A.

D.E. 14 (emphasis added). Additionally, during arraignment, the federal Magistrate Judge asked Ahern if he had received a copy of the Superseding Indictment. Ahern testified that he had. June 14, 2011, ERO 9:06:26. Ahern further testified that he had discussed the Superseding Indictment with counsel and had sufficient time to do so. Id. at 9:06:28-30. The Magistrate Judge summarized each of the three counts in the Superseding Indictment, and Ahern testified he understood the charges against him and waived the formal reading of the Superseding Indictment. Id. at 9:07:09/23.

Ahern now states that he never received "a copy of the offense" because neither attorney ever gave it to him. Ahern's testimony at arraignment contradicts his current claim of ignorance. The indictment charges Ahern with a predicate crime, violation of 42 U.S.C. § 408. Subsection 408(a) prohibits a false representation, for any purpose, that a social security number belongs to the possessor of the number, if the representation is made with an intent to deceive. 42 U.S.C. § 408(a)(7)(B).

Ahern testified he was provided with a copy of the indictment before he pled guilty. His receipt of the Superseding Indictment "gives rise to a presumption that [he] was informed of the nature of the charge against him." Bousley v. United States, 523 U.S. 614, 618 (1998). Under these

circumstances, Ahern has not shown himself entitled to the extension of limitations allowed by § 2255(f)(4).

Ahern also claims he is actually innocent of aggravated identity theft on the ground that the indictment is void because it does not charge him with a crime. D.E. 41 at 6. The Court construes this as a claim for equitable tolling of limitations.

In Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000), the Fifth Circuit declined to decide whether proof of factual innocence would toll the limitations period under any circumstances. Later, that court held that to the extent actual innocence may provide a basis for equitable tolling of the AEDPA, the relevant standard requires more than mere assertions of the petitioner's innocence. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000). Then, in Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002), the Court reaffirmed that a claim of actual innocence does not alone justify equitable tolling, relying on Felder. The court stated in part:

> The one-year limitations period established by § 2244(d) contains no explicit exemption for petitioners claiming actual innocence of the crimes of which they have been convicted. As a consequence, *a petitioner's claims of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling* of the limitations period. We have previously held that they do not. Therefore, Cousin's claims of innocence do not preclude the dismissal of his petition as untimely.

Id. (internal citations omitted) (emphasis added). More recently, in Prince v. Thaler, 354 Fed. App'x. 846, 847 (5th Cir., Nov. 13, 2009) (per curiam) (designated unpublished), the court stated, "There is no precedent in this circuit whether actual innocence may equitably toll the statute of limitations." Id. Because Prince made no *showing* of actual innocence, the court did not "address whether actual innocence may equitably toll the statute of limitations." Id. at 848. Similarly, Ahern has made no

showing of actual innocence, rather he asserts he is innocent because of an alleged defect in the indictment and his stated belief that he committed no predicate crime.[3]

Equitable tolling may allow for a late filed motion, but such exceptions to limitations are rare. Holland v. Florida, — U.S. — , 130 S.Ct. 2549, 2562 (2010); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. United States v. Petty, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy his burden, Ahern must show that 1) he has diligently pursued his rights, and 2) some extraordinary circumstance stood in his way. Holland, 130 S.Ct. at 2562; Petty, 530 F.3d at  365.

Ahern has presented no facts that would suggest that he has diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing. Although he claims that his original detention facility, before sentencing, had no law library, he has not alleged any facts regarding the federal facilities in which he has been housed since his sentencing.

In sum, Ahern has alleged no facts from which this Court can conclude that equitable tolling is appropriate. Accordingly, the Court concludes that Ahern's failure to file his § 2255 motion within the one-year limitations period requires that the motion be dismissed with prejudice as time-barred. Because the Court determines that the motion is time-barred, it does not reach the merits of his asserted grounds for relief.

## C.      Motion to Proceed *In Forma Pauperis*

Ahern filed an application to proceed *in forma pauperis* with his motion to vacate, set aside, or correct sentence. D.E. 42. A motion filed pursuant to 28 U.S.C. § 2255 does not require a filing fee. See Rule 3, Rules Governing Section 2255 Proceedings for the United States District Courts

---

[3]   The PSR reflects that Ahern admitted to using his brother's social security card and used his brother's name when he was hiding out in California. D.E. 34 at ¶ 13. Ahern used his brother's social security card to obtain a Nueces County Hospital District card for medical services. Id. at ¶ 9.

(2013) (advisory committee note 1976, "There is no filing fee required of a movant under these rules."). His application is **DENIED** as unnecessary.

## V.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Ahern has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A Certificate of Appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The Court concludes that reasonable jurists could not debate the denial of Ahern's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Similarly, as to the claims that this Court has addressed on procedural grounds, the Court finds that Ahern cannot establish at least one of the Slack criteria. Specifically, jurists of reasons would not find this Court's procedural rulings debatable. Accordingly, Ahern is not entitled to a COA as to his claims.

## V.  CONCLUSION

For the foregoing reasons, Ahern's application to proceed *in forma pauperis* (D.E. 42) is **DENIED**, his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 41) is **DENIED** pursuant to Rule 4(b) of the 2255 Rules and he is **DENIED** a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 3rd day of July, 2013.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

9